■ AIRY DEVELOPMENT ASSOCIATES, Respondent, v SAVINGS BANK OF UTICA, Appellant. [660 NYS2d 453] —Crew III, J. Appeal from an order of the Supreme Court (Ellison, J.), entered March 18, 1996 in Chemung County, which, *inter alia*, denied defendant's motion for summary judgment dismissing the complaint.

Plaintiff is the ground lessee of a shopping center located in the Village of Fairport, Monroe County. In 1992, plaintiff began searching for new financing for the property and retained First Monroe Corporation to assist it in this regard. Ultimately, by letter dated December 17, 1993 (hereinafter the commitment letter or the agreement), defendant offered to loan plaintiff $2.6 million. Insofar as is relevant to this appeal, paragraph No. 16 (iv) of the commitment letter provided that defendant's obligation to provide financing would terminate at its option if "at the time proposed for closing any material variation ha[d] occurred in the information and statements furnished by the Obligor * * * in connection with the application for the financing contemplated by this commitment". On or about January 17, 1994, the parties agreed to modify various provisions of the commitment letter, including paragraph No. 13, which provided that the entire $25,000 commitment fee, less $2,500 in costs and counsel fees, would be refunded if, *inter alia*, "[defendant] refuse[d] to fund due to no fault of the borrower".

Following plaintiff's payment of the commitment fee and during the subsequent appraisal of the property, Alfred Amendolare, defendant's assistant vice-president, learned that one of the shopping center's anchor stores, Tops Markets, was investigating building sites for a superstore near the property. Amendolare also learned that the lease for one of the two remaining anchors, the Fairport Public Library, contained a "step down" provision providing for a reduction in rent in 2002, which apparently coincided with the expiration of Tops' lease and the maturity date of the proposed financing. After speaking with the Assessor for the Town of Perinton, Monroe County, and the Village Administrator, both of whom were aware of the possibility of Tops vacating its premises, Amendolare terminated the commitment pursuant to paragraph No. 16 (iv) of the commitment letter.

Plaintiff thereafter commenced this action seeking to recover $23,000 of the $25,500 fee paid pursuant to paragraph No. 13 of the commitment letter, together with the forbearance fees and additional interest charges incurred as the result of obtaining alternate financing. Following joinder of issue and discovery, defendant moved for summary judgment dismissing the complaint, and plaintiff cross-moved for summary judgment on its second cause of action seeking return of the commitment fee. Supreme Court denied defendant's motion and granted plaintiff's cross motion, and this appeal by defendant ensued.

The crux of defendant's argument on appeal is that plaintiff failed to disclose certain material facts that would have affected defendant's decision to provide plaintiff with a mortgage for the subject property, thereby enabling defendant to terminate the commitment pursuant to paragraph No. 16 (iv) of the agreement and, further, that defendant obtained information sufficient to permit it to terminate the commitment pursuant to paragraph No. 8 (o) of said agreement. Defendant also contends that Supreme Court erred in failing to dismiss plaintiff's claim for consequential damages.

Turning first to defendant's contention that plaintiff's failure to disclose Tops' potential relocation constituted a "material variation" in the information provided by plaintiff within the meaning of paragraph No. 16 (iv) of the commitment letter, we disagree. The record is clear that defendant requested that plaintiff produce its rent roll, which contained a list of tenants, the square footage that each tenant occupied, the rent per square foot and the expiration of the leases. No further requests were made for information regarding the property's tenants prior to the termination of defendant's financing commitment, and there is no record evidence that any variation, material or otherwise, occurred with respect to the information contained in the rent roll. Inasmuch as defendant never requested information concerning Tops' intentions regarding the construction of other facilities or its continued occupancy during the term of its lease with plaintiff, the information relied upon by defendant in rescinding its commitment cannot be said to come within the ambit of paragraph No. 16 (iv).

Nor are we persuaded that paragraph No. 8 (o) of the commitment letter provides any relief for defendant. That provision required plaintiff to do nothing more than provide defendant with assurances that the mortgaged premises were occupied by the three anchor tenants "according to the square footage, lease expiration and annual basic and percentage rent specified on [the rent roll]", which plaintiff did indeed do. Noth-

ing contained therein required plaintiff to provide assurances of the anchors' continued occupancy.

We do, however, find merit in defendant's contention that Supreme Court erred in failing to dismiss a portion of plaintiff's claim for consequential damages. It is beyond cavil that only those damages that are the natural and probable consequence of a breach of contract or that were foreseen by the parties at the time of entering into the subject contract may be recovered (*see, Bibeau v Ward,* 228 AD2d 943, 945, *lv denied* 89 NY2d 804). Here, plaintiff's claim for consequential damages has three components: (1) the forbearance fees payable to Travelers Insurance Company, the then-existing mortgagor, (2) additional interest charges payable to Travelers on the mortgage note, which apparently matured on March 31, 1994, for the period April 1, 1994 through July 14, 1994, the date upon which plaintiff obtained its subsequent mortgage on the property, and (3) interest charges representing the difference between the rate offered by defendant and the rate that plaintiff ultimately was able to obtain through alternate financing.

The record reveals that although Amendolare was aware that the relevant property was mortgaged, he did not know either the terms of that mortgage or its maturity date. Hence, defendant cannot be liable for the forbearance fees incurred by plaintiff. We reach a contrary conclusion, however, with respect to the additional interest charges incurred by plaintiff which, depending upon the proof adduced at trial, may well prove to be the natural, probable and foreseeable consequences of having to obtain alternate financing. As this aspect of plaintiff's claim for consequential damages cannot be dismissed as a matter of law, defendant's motion for summary judgment should be granted only to the extent of dismissing that portion of plaintiff's first cause of action seeking consequential damages in the form of the forbearance fees paid to Travelers.

Finally, we reject defendant's contention that Supreme Court erred in granting plaintiff's cross motion for summary judgment seeking return of the commitment fee, to which it was entitled upon demonstrating that "[defendant] refuse[d] to fund due to no fault of the borrower". Defendant refused to honor its commitment by reason of, *inter alia,* the failure of the property to have the required market value and its dissatisfaction with the lease furnished by plaintiff. Neither of those conditions can be said to be plaintiff's "fault". Similarly, defendant's contention that plaintiff's failure to disclose Tops' potential relocation amounts to an innocent misrepresentation of a material fact rendering the contract voidable, a proposi-

tion not raised before Supreme Court, provides no relief for defendant as an "innocent" misrepresentation, by definition, cannot be said to be plaintiff's "fault".

Cardona, P. J., Mercure, White and Carpinello, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied defendant's motion for summary judgment dismissing that portion of plaintiff's first cause of action as asserted a claim for consequential damages in the form of forbearance fees; motion granted to said extent, partial summary judgment awarded to defendant and said claim dismissed; and, as so modified, affirmed.